UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN PEACE,

                  Petitioner,

                                        <u>MEMORANDUM AND ORDER</u>

         -against-                       20-CV-389 (RPK)

MARK ROYCE, Superintendent of the Green
Haven Correctional Facility,

                  Respondent.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Petitioner Shawn Peace, a state prisoner, was convicted of attempted murder, robbery, assault, and criminal possession of a weapon.  His convictions were affirmed on direct appeal, *People v. Peace*, 161 A.D.3d 1197 (2d Dep't 2018), and the New York Court of Appeals denied discretionary review, *People v. Peace*, 32 N.Y.3d 1007 (2018).  Petitioner then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition raises several challenges.  First, petitioner argues that he was denied a fair trial because the trial court allowed a detective to identify him based on still photos culled from surveillance footage.  *See* Pet. 4-5 (Dkt. #1).  Second, he argues that his constitutional rights were violated because evidence procured through an illegal arrest was introduced at trial.  *See id.* at 9-10.  Third, he claims ineffective assistance of counsel on various grounds.  *See id.* at 4-8, 10-11.

        Petitioner's habeas filing contains both exhausted and unexhausted claims.  Petitioner's fair trial and due process claims are exhausted:  they were raised and adjudicated on direct appeal by the Appellate Division and the New York Court of Appeals.  *See* Petitioner's Counseled Appellate Division Brief ("Counseled Brief") at SR 21-28, *People v. Peace*, 161 A.D.3d 1197 (2d

Dep't 2018), *lv. denied*, 32 N.Y.3d 1007 (2018) (Dkt. #10); Petitioner's Pro Se Supplemental Brief ("Pro Se Brief") at SR 96-98, *People v. Peace*, 161 A.D.3d 1197 (2d Dep't 2018), *lv. denied*, 32 N.Y.3d 1007 (2018) (Dkt. #10); Leave Application at SR 123-24 (seeking review "on all of the issues raised in the main and supplemental briefs") (Dkt. #10); *see Peace*, 161 A.D.3d at 1197-98 (adjudicating these claims).

But petitioner's ineffective assistance claims have not been exhausted.  A claim is unexhausted when a litigant still "has the right under the law of the State to raise, by any available procedure, the question presented" by the claim.  28 U.S.C. § 2254(c).  Here, petitioner initially sought to present his ineffective assistance claims in his direct appeal, s*ee* Counseled Brief at SR 21, 26-28; Pro Se Brief at SR 98-100, and in a state court action under New York Criminal Procedure Law Section 440 that he filed while his appeal was still pending, *see* Section 440 Motion at SR 143-44, *People v. Peace*, Sup. Ct., Queens County, Mar. 6, 2018, Lasak, J., Indictment No. 1061/11 (Dkt. #10).  Those courts, however, declined to adjudicate petitioner's ineffective assistance claims.  Judge Lasak, to whom petitioner's motion under Section 440 was assigned, declined to address them after concluding that they were being raised in petitioner's direct appeal and that they "appear[ed] to be record-based."  *People v. Peace* at SR 199, Sup. Ct., Queens County, Mar. 6, 2018, Lasak, J., Indictment No. 1061/11 (Dkt. #10) (citing N.Y. Crim. Proc. L. § 440.10(2)(b)).  Judge Lasak stated, however, that if the court considering petitioner's direct appeal found that petitioner's ineffective assistance claims were "more properly the subject of a section 440.10 motion," petitioner could renew his section 440 motion after his appeal was decided.  *Id.* at SR 199 n.1.  Subsequently, the appellate court did conclude that the ineffective assistance claims were more appropriately presented through a Section 440 motion and declined to decide them.  *Peace*, 161 A.D.3d at 1198.  As Judge Lasak made clear in deciding petitioner's initial Section

440 motion, the appellate decision cleared the way for petitioner to obtain review of his ineffective assistance claims in state court by filing a renewed Section 440 motion.  Because petitioner has not yet done so, his ineffective assistance claims are unexhausted.  *See Otero v. Stinson*, 51 F. Supp. 2d 415, 419 (S.D.N.Y. 1999) (finding ineffective assistance of counsel claims unexhausted because the petitioner could still raise the claims in a section 440 motion).

District courts lack the authority to grant relief based on a "mixed" petition that contains both exhausted and unexhausted claims.  *See Zarvela v. Artuz*, 254 F.3d 374, 378, 380 (2d Cir. 2001).  While a court can *deny* such petitions on the merits, 28 U.S.C. 2254(b)(2), I decline to do so at this stage, before briefing on the merits has been completed.  I have three other options:

- I could dismiss the mixed petition without prejudice, in its entirety, based on petitioner's failure to exhaust some of the claims in the petition.  *See* 28 U.S.C. 2254(b)(1)(A); *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  Under that approach, petitioner would be free to file a second habeas petition—but that petition would likely be time-barred, because the one-year statute of limitations to file a habeas petition has expired.  *See* Resp't Ltr. 4-5 (Dkt. #9); Pet. 11.

- Alternatively, if petitioner wishes, I can allow petitioner to withdraw the unexhausted claims in the petition, in which case I can decide the merits of the claims that petitioner has exhausted.  *See Rhines*, 544 U.S. at 278.

- Finally, I can stay my review of the entire habeas petition, in order to allow petitioner to exhaust his unexhausted claims in state court—but only if petitioner had good cause for his failure to previously exhaust the claims in state court and if his claims are not plainly meritless.  *See id*. at 277.

All proceedings in this case are stayed for 45 days, until October 2, 2020, to enable petitioner to advise me on which of these courses he prefers.  If petitioner wishes, he may withdraw

the current habeas petition in its entirety—but any future federal habeas petition pertaining to these convictions will likely be time-barred. Alternatively, petitioner may withdraw only his unexhausted ineffective assistance of counsel claims, in which case I will move forward on the adjudication of petitioner's exhausted claims. Finally, petitioner may request that I instead stay all further proceedings while he exhausts his ineffective assistance of counsel claims in state court. If petitioner moves for such a stay, he must include any arguments or materials showing that there is good cause for his failure to previously exhaust his ineffective assistance of counsel claims and explaining why those claims have potential merit. *See Rhines*, 544 U.S. at 277-78. If petitioner does not submit a request for a stay or provide guidance on his preferences, the Court may assume that petitioner would prefer to have some of his claims adjudicated on the merits instead of having his entire petition dismissed, and may deem the petition amended to excise petitioner's unexhausted claims. *See McCrae v. Artus*, No. 10-cv-2988 (RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012) (explaining that "[m]any courts faced with . . . a mixed petition that is ineligible for a stay and that would be untimely if refiled following dismissal . . . assume that the petitioner 'would prefer the Court to consider the majority of his claims, rather than dismiss the entire Petition outright and risk being barred from raising any of those claims again in federal court'").

Respondent need not submit a further response to the petition until further order of the Court.

SO ORDERED.

                                  /s/  Rachel Kovner
                                 RACHEL P. KOVNER
                                 United States District Judge

Dated:        Brooklyn, New York
               August 17, 2020